# NOS. 12-22-00068-CR
## 12-22-00069-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KRISTI DESHA PERRYMAN,* *APPELLANT* | § | *APPEALS FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Kristi Desha Perryman appeals her convictions for the offenses of exploitation of a disabled individual. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was indicted in separate cases for the offenses of exploitation of a disabled individual.[1] Both indictments alleged the same offense but named a different victim.

Appellant thereafter waived a jury trial and entered a plea of "guilty." The trial court accepted Appellant's plea and deferred a finding of guilt. On April 2, 2020, the trial court placed Appellant on deferred adjudication community supervision for a five-year period and ordered Appellant to pay $10,500.00 in restitution to the victims.

In December 2021, the State filed Motions to Adjudicate Guilt for each case in which the State alleged that Appellant violated numerous terms of her community supervision. The

---

[1] *See* TEX. PENAL CODE ANN. § 32.53(c) (West 2016).

violations centered around failures to appear for drug testing, testing positive for methamphetamine, failure to complete community service, and failure to pay monies owed for various fees and restitution assessed against her. Appellant entered a plea of "true" to certain allegations but "not true" to other violations.

The trial court held a hearing on the State's Motion on February 10, 2022. At the hearing, the State presented two witnesses. David Golz, the State's first witness, is the technical director and responsible person for the Alere Toxicology Services Laboratory located in Gretna, Louisiana. La'Mia Prymus, the Smith County Community Supervision and Corrections Department officer assigned to manage Appellant's community supervision, also testified for the State. Appellant testified on her own behalf.

Prymus testified that Appellant failed to report to probation and submit to a required drug test on two occasions. She further testified that Appellant tested positive for methamphetamine on two other occasions. She finally testified that Appellant failed to pay certain required fees. Golz testified that the two specimens submitted contained methamphetamine, according to the lab report prepared by his office. Appellant denied taking methamphetamine and testified that she believed the positive finding in the lab report could have been based on medications prescribed to her at a local, free-standing emergency room clinic.

The trial court found that the State met its burden of proof and determined that Appellant violated the terms of her supervision in each case. Specifically, the trial court found sufficient evidence to support a finding of "true" as to paragraphs one through nine and twelve through eighteen in the first case (trial court cause number 007-1436-19), and paragraphs one through eight and paragraph eleven in the second case (trial court cause number 007-1437-19).

The State argued for a ten-year sentence, while Appellant argued for an extension of community supervision. The trial court found that Appellant violated the terms of her community supervision and granted the State's motions to adjudicate guilt in each case. After revoking her community supervision, the trial court sentenced Appellant to serve a term of five years of imprisonment for each offense to run concurrently. The trial court also assessed $10,005.00 in restitution in trial court cause number 007-1436-19.[2] This appeal followed.

---

[2] The trial court assessed the entirety of the restitution for both cases in trial court cause number 007-1436-19 by agreement of the parties.

2

<u>ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*</u>

Appellant's counsel filed briefs in compliance with ***Anders v. California*** and ***Gainous v. State***. Appellant's counsel states that she diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. She further relates that she is well acquainted with the facts in these cases. In compliance with ***Anders***, ***Gainous***, and ***High v. State***, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's briefs present a chronological summation of the procedural history of the cases and further state that Appellant's counsel is unable to raise any arguable issues for appeal.[3] We have likewise reviewed the record for reversible error and have found none.

<u>CONCLUSION</u>

As required by ***Stafford v. State***, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also* ***In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motions for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motions for leave to withdraw are hereby ***granted*** and the trial court's judgments are ***affirmed***.

As a result of our disposition of these cases, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgments to Appellant and advise her of her right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of these cases by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review on her behalf or she must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the date that the last timely motion for rehearing is overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should

---

[3] In compliance with ***Kelly v. State***, Appellant's counsel provided Appellant with a copy of the briefs, notified Appellant of her motions to withdraw as counsel, informed Appellant of her right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See* ***Kelly v. State***, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file her own briefs. The time for filing such briefs has expired, and no pro se briefs have been filed.

comply with the requirements of Texas Rule of Appellate Procedure 68.4.  *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered October 31, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

OCTOBER 31, 2022

NO. 12-22-00068-CR

**KRISTI DESHA PERRYMAN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-1436-19)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 31, 2022**

**NO. 12-22-00069-CR**

**KRISTI DESHA PERRYMAN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1437-19)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*